UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN M.,

        Plaintiff,

v.                                                                                      3:21-CV-0885 (ML)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC                  JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for the Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION                       KRISTINA D. COHN, ESQ.
  Counsel for the Defendant                         Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER**

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on March 9, 2023, during a telephone conference conducted on

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)	Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

2)	Defendant's motion for judgment on the pleadings (Dkt. No. 14) is DENIED.

3)	The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4)	This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5)	The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 9, 2023
	Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
J.M.
vs.                    3:21-cv-885

COMMISSIONER OF SOCIAL SECURITY



_____



                    Decision and Order

                      March 9, 2023

                 via Teams remote platform




         The HONORABLE MIROSLAV LOVRIC Presiding.




                   A P P E A R A N C E S


For Plaintiff:      JUSTIN GOLDSTEIN


For Defendant:      KRISTINA COHN


                Ruth I. Lynch, RPR, RMR, NYSRCR
                Official United States Court Reporter
                   Binghamton, New York  13901
```

1          THE COURT:  All right.  The Court begins its
2    reasoning, analysis, and decision as follows.
3              First, Plaintiff commenced this proceeding
4    pursuant to Title 42 United States Code 405(g) to challenge
5    the adverse determination by the Commissioner of Social
6    Security finding that he was not disabled at the relevant
7    times and therefore ineligible for the benefits that he
8    sought.
9              By way of background, I begin as follows.
10   Plaintiff was born in 1957.  He is currently 65 years old.
11   He was approximately 62 years old at the alleged onset of
12   his disability on June 26th, 2019.  Plaintiff stands
13   approximately 5 feet 9 inches in height and weighs
14   approximately 228 pounds.  At the time of this
15   administrative hearing on November 23rd, 2020, Plaintiff
16   lived with his wife and had a daughter who was away at
17   college.  Plaintiff himself is a college graduate who also
18   holds a master's degree in education.  He worked as a public
19   school high school teacher for 24 years.  He testified that
20   he would have continued teaching but opted to retire in
21   2000 -- excuse me, he opted to retire in June of 2019 due to
22   difficulties caused by back pain and Crohn's disease.  Prior
23   to teaching plaintiff worked as an accountant.
24             Procedurally, the Court sets forth the following
25   facts.  Plaintiff applied for Title II benefits on June 26

1  of 2019 alleging disability beginning on that date.  In
2  support of his claim for disability benefits, Plaintiff
3  claims disability based on a number of impairments including
4  back pain, Crohn's disease, irritable bowel syndrome,
5  anemia, and arthritis.
6          Administrative Law Judge Kenneth Theurer conducted
7  a telephonic hearing on November 23rd of 2020 to address
8  Plaintiff's application for benefits.  ALJ Theurer issued an
9  unfavorable decision on December 9 of 2020.  That decision
10 became the final determination of the Agency on June 16,
11 2021, when the Appeals Council denied Plaintiff's request
12 for review.
13         This action was commenced on August 6, 2021, and
14 it is timely.
15         In his December 9, 2020, decision, ALJ Theurer
16 first determined that Plaintiff met the insured status
17 requirements of the Social Security Act through
18 September 30th of 2023, and then the ALJ applied the
19 familiar five-step test for determining disability.
20         At step one, the ALJ concluded that Plaintiff had
21 not engaged in substantial gainful activity from his alleged
22 onset date of June 26, 2019, through the date last insured.
23         At step two, ALJ Theurer concluded that Plaintiff
24 had the following severe impairments:  Degenerative disc
25 disease of the lumbar spine and ischemia.  The ALJ also

found that Plaintiff has the following nonsevere impairments, that being Crohn's disease, irritable bowel syndrome, hyperlipidemia, obesity, anemia, and generalized anxiety behavior. The ALJ explained that he considered both the severe and nonsevere impairments when determining Plaintiff's residual functional capacity, also known as RFC.

At step three, ALJ Theurer concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equalled the severity of one of the listed impairments in 20 CFR Sections 404.1520(d), 404.1525, and 404.1526, and thereby focusing on listing 1.04 dealing with spinal disorders, also listing 4.04 dealing with ischemic heart disease and listing 7.05 dealing with hemolytic anemia.

Next, the ALJ determined that Plaintiff had the residual functional capacity to perform less than the full range of light work. Specifically, the ALJ found Plaintiff could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, sit for up to 6 hours and stand or walk for approximately 6 hours over the course of an 8-hour workday with normal breaks. The ALJ found also that occasionally Plaintiff could climb ramps or stairs; never climb ladders, ropes or scaffolds; occasionally perform balancing, stooping, kneeling, crouching, and crawling; and that Plaintiff should avoid work at unprotected heights or

in conjunction with dangerous machinery.

The ALJ based his RFC determination in part on the persuasive opinions of psychiatric consultative examiner Dr. Dennis Noia and non-examining state agency consultants Dr. T. Bruni, Dr. B. Stouter, Dr. S. Hennessey, and Dr. S Naroditsky, as well as the generally persuasive opinion of consultative physical examiner Dr. Elke Lorensen.  The ALJ found the opinion of Plaintiff's treating gastroenterologist, Dr. Scott Edison, partially persuasive, but the ALJ rejected his opinion that Plaintiff's physical impairments would likely cause him to be absent from work more than one day per month and limited to plaintiff -- and limited Plaintiff to low stress jobs.  The ALJ also rejected the opinion of Plaintiff's treating chiropractor, Dr. Brandon Zehr, stating that that was a nonpersuasive opinion.

At step four, the ALJ relied on the vocational expert testimony to determine that Plaintiff is capable of performing his past relevant work as a high school teacher as generally performed in the national economy.  Having found that Plaintiff was capable of performing his past relevant work, the ALJ determined that Plaintiff was not disabled from the alleged onset date through the date of his decision.

The Court notes the following.  At the beginning

1  of the administrative hearing, the ALJ commented that,
2  quote, and given the age of the claimant, this really is an
3  issue of whether he can perform his past work, end
4  quotation.  See transcript at page 35.  The ALJ's decision
5  does not include any findings on Plaintiff's ability or
6  inability to perform other work in light of his, quote,
7  advanced age, end quote, and neither party briefed this
8  issue.
9           Plaintiff's arguments the Court notes as follows.
10 As you know, this court's functional role in this case is
11 limited and extremely deferential.  I must determine whether
12 correct legal principles were applied and whether the
13 determination is supported by substantial evidence, defined
14 as such relevant evidence as a reasonable mind would find
15 sufficient to support a conclusion.  As the Second Circuit
16 noted in *Brault v.Social Security Administration*
17 *Commissioner*, found at 683 F.3d 443, 2012 case, Second
18 Circuit indicated that this standard is demanding, more so
19 than the clearly erroneous standard.  The Court in *Brault*
20 also noted that once there is a finding of fact, that fact
21 can be rejected only if a reasonable fact-finder would have
22 to conclude otherwise.
23          Plaintiff contends on appeal that the ALJ failed
24 to properly evaluate the treating source opinions of
25 Dr. Edison and Dr. Zehr, resulting in an RFC determination

1  that is not supported by substantial evidence.
2          The Court begins its analysis and decision as
3  follows.  While the regulations governing the review of
4  medical opinions have changed to eliminate the treating
5  physician rule, district courts in the Second Circuit still
6  recognize the foundational nature of direct observation of a
7  patient, and consistency with those observations is a factor
8  in evaluating the value of a medical opinion.  See case of
9  *Shawn H. vs. Commissioner of Social Security*, that's found
10 at 2:19-cv-113.  That's a 2020 Westlaw at 3969879 at page 6.
11 That's a District of Vermont July 14th, 2020 opinion; and
12 therein quoting case of *Barrett v. Berryhill*, 906 F.3d 340
13 at page 343, Fifth Circuit 2018.  As the amended regulations
14 note, quote, a medical source may have a better
15 understanding of your impairment or impairments if he or she
16 examines you than if the medical source only reviews
17 evidence in your folder, end quotation.  See 20 CFR
18 Section 404.1520(c).  Let me state that again.
19 Section 404.1520(c) subdivision (c)(3)(v).
20         At their most basic, the amended regulations
21 require that the ALJ explain his or her findings regarding
22 the supportability and consistency for each of the medical
23 opinions pointing to specific evidence in the record
24 supporting those findings.  See case of *Raymond M. vs.*
25 *Commissioner of Social Security* found at 5:19-cv-1313,

1   Magistrate Judge Baxter, and that's a 2021 Westlaw 706645 at
2   page 8, that's a Northern District New York February 22nd,
3   2021 decision.
4          At the time he issued his October 6, 2020,
5   opinion, Dr. Edison had been Plaintiff's treating
6   gastroenterologist for approximately five years, dating back
7   to his initial diagnosis of Crohn's disease.  As the ALJ
8   noted, following surgery and adjustment of medication,
9   Plaintiff's Crohn's disease was considered in remission and
10  generally stable.  However, Plaintiff developed anemia
11  attributable to intestinal bleeding caused by Crohn's
12  disease and a related impairment, irritable bowel syndrome.
13  To address the resulting fatigue, Plaintiff requires
14  intermittent iron infusions.
15         Dr. Edison provided his opinion on a number of
16  Plaintiff's physical functional limitations, including his
17  ability to sit, stand, walk, lift, and perform various
18  postural movements that appear generally consistent with an
19  RFC for light work.  Dr. Edison also opined that Plaintiff
20  would miss approximately one workday per month due to his
21  impairments, a level that the vocational expert testified
22  was typically tolerated by employers.  Most crucially,
23  Dr. Edison opined that Plaintiff should work in low stress
24  jobs because increased stress may cause flare-ups of
25  Plaintiff's otherwise well-controlled Crohn's disease.  The

ALJ rejected this portion of Dr. Edison's opinion stating only, quote, all indications showed that the claimant was mentally stable with appropriate mood and intact attention and concentration, end quotation.

In reaching this conclusion, the ALJ never discussed any record evidence that addressed the potential impact of stress on Plaintiff's physical functional limitations.  Instead, the ALJ relied solely on evidence related to Plaintiff's mental health to refute the specialized medical opinion of Dr. Edison, who recommended low stress work due to the risk of flare-ups of Plaintiff's Crohn's disease, a physical impairment.  In the Court's view, this was error.  See, by way of example, *Celia A.B. vs. Commissioner of Social Security*, 5:21-cv-112.  That's a Magistrate Judge Hummel case, 2022 Westlaw 4225540 at page 10.  That's a Northern District New York September 13th, 2022 case.  And therein finding that the ALJ erred in relying on psychiatric evidence to reject treating physician opinion that Plaintiff should work in a low stress environment to avoid triggering post-concussion headaches.  See also case of *McGill v. Berryhill* at 16-CV-4970, that's a 2018 Westlaw case 1368047 at page 11, and that is an Eastern District New York March 18th, 2018 decision; and therein finding error where the ALJ failed to properly evaluate physician opinion limiting Plaintiff to low stress work due

to history of heart attacks.

In this case, because the ALJ's disability determination only addressed Plaintiff's ability to perform his past relevant work, this court cannot conclude that the ALJ's error in evaluating Dr. Edison's opinion was harmless. Although neither the ALJ nor Plaintiff's representative solicited vocational expert testimony on this point, it appears unlikely that Plaintiff's previous position of public high school teacher involved the simple decision-making, slow pace, and limited social interaction typically associated with low stress work.  Therefore, if the ALJ's review of the record evidence on remand results in an RFC determination limiting Plaintiff to low stress work, Plaintiff would most likely be unable to perform his past relevant work.  The ALJ would then need to evaluate the transferability of Plaintiff's skills and to proceed to step five to determine if Plaintiff can perform other jobs existing in significant numbers in the national economy in light of his advanced age, work experience, education, and RFC.

Accordingly, in deciding that remand is required, this court is not deciding that a proper evaluation of the persuasiveness of Dr. Edison's opinion will result in a determination that Plaintiff qualifies for disability benefits.  An ALJ must build an accurate and logical bridge

1  from the evidence to his conclusion to enable a meaningful
2  review.  See *Pamela P. vs. Saul,* 3:19-cv-575, that is a
3  Magistrate Judge Stewart case found at 2020 Westlaw 2561106
4  at page 4, and that's a Northern District New York May 20th
5  of 2020 case.  And therein Judge Steward quoting from
6  *Steele v.Barnhart* found at 290 F.3d 936 at page 941, Seventh
7  Circuit 2002 case.  And therein, in ordering remand, this
8  court finds that the ALJ's current evaluation of the medical
9  opinion evidence does not support that meaningful review.
10 In this case, because the evaluation of Dr. Edison's opinion
11 on remand may, in fact, impact the subsequent steps of the
12 sequential evaluation, this court declines to address
13 Plaintiff's remaining arguments.
14         So based upon this analysis and reasoning, it is
15 this court's decision that Plaintiff's motion for judgment
16 on the pleadings is granted.  Defendant's motion for
17 judgment on the pleadings is denied.  This case is remanded
18 to the Social Security Administration for a de novo review,
19 consistent with this court's decision.
20         That constitutes the Court's analysis, reasoning,
21 and decision.
22                          - - - - -
23
24
25